IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Kathleen A. Baldino | : | |
|---|---|---|
| | : | CHAPTER SEVEN |
| Debtor | : | Case No. 5:07-bk-50195 |
| _____ | : | _____ |
| | : | |
| Kelly Beaudin Stapleton, | : | |
| United States Trustee | : | |
| Movant | : | |
| v. | : | {**Nature of Proceeding:** Motion to |
| | : | Reconsider Denial of Motion to |
| | : | Dismiss for Abuse Under §707(b)(3)} |
| Kathleen A Baldino, | : | |
| Respondent | : | |

**OPINION**[1]

The United States Trustee seeks reconsideration of this Court's May 16, 2007 Order denying a Motion to Dismiss the Debtor's case under 11 U.S.C. §707(b)(3).[2] The Motion alleges that the Court's Opinion contained a manifest error of law by failing to consider income of the non-filing spouse which was not expressly dedicated to household expenses. For the reasons stated herein, the Court maintains the propriety of its original decision and the Trustee's Motion to Reconsider is denied.

**Facts**

This Chapter 7 case was filed on January 30, 2007, more than one year after the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"). The filing of this case was precipitated by the Debtor losing her

---

[1] This Opinion was drafted with the assistance of Kathryn F. Evans, Esq., Law Clerk.

[2] The original Motion to Dismiss sought to dismiss pursuant to 11 U.S.C. §707(b)(1), (2) and (3); however, the United States Trustee only seeks reconsideration of the §707(b)(3) aspect of the decision. See Doc. No. 18, compared to Doc No. 28 to Case No. 5:07-bk-50195.

-1-

previous job due to various medical problems and subsequent inability to pay her debts as they came due. The Debtor is married but filed bankruptcy alone. The debts listed in the bankruptcy schedules are solely hers.[3] Schedule I notes that she was an assembly worker for three months pre-petition, and earned $1,204.00 per month gross. Her non-filing spouse's income is also listed on Schedule I at $6,772.33 per month gross. This is both the Debtor and her spouse's second marriage and they maintain separate finances. The non-filing spouse has not made payments on the Debtor's individual debts. The home where Debtor resides is owned solely by her non-debtor spouse, as are most of the furnishings therein.

      The Debtor provided to the United States Trustee, and the Court, a list of the non-debtor spouse's regular contributions to the household expense totaling $1,978.00 a month. The contributions include the mortgage payment, real estate taxes, house insurance, groceries, utilities, car insurance, medical insurance, and home maintenance. (Pl.'s Ex. A). No evidence was introduced regarding what the non-debtor spouse did with his remaining income, which he kept separate from the Debtor's income. On line 17 of Form B22C, the Debtor made a marital adjustment of $4,794.33.[4] The United States Trustee moved to dismiss the case arguing the non-filing spouse's separate income, i.e., the income not committed to the household expenses, should be considered when determining whether the filing spouse had the ability to repay her debts pursuant to §707(b)(3).

---

[3]The Court considers it of some import that all debts listed on Schedule I were in the Debtor's name, meaning therefore, that the creditors extended the Debtor credit based on her creditworthiness alone, and thus assumed the risks attendant in doing so, i.e., losing her higher paying job and becoming unable to repay the debts.

[4]This calculation is based on the subtraction of the $1,978.00 monthly contributions from his total monthly income of $6,772.33.

Case 5:07-bk-50195-RNO    Doc 31    Filed 06/14/07    Entered 06/14/07 15:43:00    Desc
Main Document      Page 2 of 8

**Analysis**

The Third Circuit has been clear that motions for reconsideration should be viewed as "extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings." *In re Home Health Corp. of America, Inc.*, 268 B.R. 74, 76 (Bankr. D.Del. 2001), citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); see also *Worbetz v. Ward North America, Inc.*, 54 Fed. Appx. 526, 533 (3d Cir. 2002). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). There are only three limited circumstances in which reconsideration may be appropriate: wherein the movant can prove at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co.* 52 F.3d at 1218, citing *Natural Resources Defense Council, Inc. v. U.S. E.P.A.*, 705 F.Supp. 698, 702 (D.D.C.1989) (quoting *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D.Haw. 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir. 1988)**,** *vacated on other grounds,* 707 F.Supp. 3 (D.D.C. 1989). Here the United States Trustee seeks reconsideration on grounds that the Court committed clear error.

The United States Trustee correctly asserts that "the primary factor that may indicate a substantial abuse is the ability of the debtor to repay the debts out of future disposable income."

6 Collier on Bankruptcy, ¶ 707.04[4] at 707-20 (15th ed. rev'd). The Court also agrees with the post-BAPCPA cases which have held that a debtor's ability to pay is sufficient to support a finding of abuse under §707(b)(3). *In re Paret*, 347 B.R. 12, 16-17 (Bankr. D.Del. 2006); and *In re Pennington*, 348 B.R. 647, 649 (Bankr. D.Del. 2006). However, the Court and the United States Trustee's positions diverge when it comes to the extent to which a non-filing spouse's income, which is kept separate and apart from the filing spouse's income and not devoted to the household, should be attributed to the filing spouse for purposes of analyzing her ability to repay her debts. The United States Trustee argues that regardless of how the non-filing spouse's income is spent, be it on household expenses or on his own expenses, the non-filing spouse's income should be considered as a relevant factor when determining the filing spouse's ability to repay her debts.[5]

The Court does not accept the United States Trustee's position for two reasons. First, the Bankruptcy Code specifically defines the term "current monthly income." 11 U.S.C. §101(10A). The definition in §101(10A) excludes the non-filing spouse's income to the extent it is not devoted to household expenses. Second, under state law, the non-filing spouse's income would not be recoverable by the Debtor's creditors to the extent it is kept separate. 23 Pa.C.S.A. §4104 (2001)[6] and *Travitzky v. Travitzky*, 230 Pa.Super. 435, 440, 326 A.2d 883, 885 (1974).

A debtor's ability to pay is very often dependent upon his or her income. Income, for

---

[5]See United States Trustee's Brief at 5-7 (Doc. No. 28 to Case No. 5:07-bk-50195), citing *In re Cook,* Case No. 1-94-01472-RJW, slip op. (Bankr. M.D.Pa. filed May 9, 1995).

[6]23 Pa.C.S.A. §4104 states: "Except as otherwise provided in this title, the separate earnings of any married person of this Commonwealth, whether these earnings are wages for labor, salary, property, business or otherwise, shall accrue to and enure to the separate benefit and use of that married person independently of the other spouse, and so as not to be subject to any legal claim of the other spouse. However, in any action in which the ownership of such property is in dispute, the person claiming such property shall be compelled, in the first instance, to show title and ownership in the property."

Case 5:07-bk-50195-RNO    Doc 31    Filed 06/14/07    Entered 06/14/07 15:43:00    Desc
Main Document      Page 4 of 8

purposes of bankruptcy, was redefined by BAPCPA in §101(10A); the definition of current monthly income reads:

> The term 'current monthly income'-
> (A) means the average monthly income from all sources that the debtor receives (or in a joint case with the debtor and the debtor's spouse receive) without regard to whether such income is taxable income . . .
> (B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), *on a regular basis for the household expenses of the debtor or the debtor's dependents* (and in a joint case the debtor's spouse if not otherwise a dependent) . . . 11 U.S.C. §101(10A) (Emphasis added).

Words in the Bankruptcy Code are normally to be given their plain meaning. See *Lamie v. U.S. Trustee*, 540 U.S. 526, 536, 124 S.Ct. 1023, 1031 (2004), *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 1999 (1979). The Court finds the above statutory definition means that a non-filing spouse's income is included in current monthly income only in the amount that is regularly contributed to household expenses. See *In re Quarterman*, 342 B.R. 647, 651 (Bankr. M.D.Fla. 2006). This is a policy decision made by Congress in the exercise of its legislative function. It is the Court's function to determine and effectuate that congressional intent. *In re Roach*, 824 F.2d 1370, 1373 (3d Cir. 1987). In the case at bar, the uncontradicted evidence is that the Debtor's non-filing spouse regularly contributes $1,978.00 monthly to household expenses. This sum meets the definition of a non-filing spouse's income as delineated in §101(10A).

The United States Trustee argues that all of the non-filing spouse's income should be considered under the "totality of the circumstances" as set forth in §707(b)(3)(B) of the Code as amended by BAPCPA. The Court cannot agree that the general "totality of the circumstances" language overrides an explicitly defined term used elsewhere in the statute. Therefore, the Court does not accept the United States Trustee's position that §707(b)(3)'s totality of the

-5-

circumstances language can negate the income exclusion language contained in §101(10A)(B). This interpretation is consistent with the judicial maxim that statutory construction should be approached as a holistic endeavor, and that "we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Official Committee of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 559 (3d Cir. 2003) quoting *Kelly v. Robinson*, 479 U.S. 36, 43, 107 S.Ct. 353, 358, 93 L.Ed.2d 216 (1986).

The Court has reviewed the decision of *In re Travis*, 353 B.R. 520 (Bankr. E.D.Mich. 2006). In that case, Judge McIvor considered a §707(b)(3) motion brought by the Office of the United States Trustee. The case presented a more complete record than the instant case.[7] In *Travis*, the Court first noted that "current monthly income" only includes a non-filing spouse's income to the extent it is regularly contributed to household expenses. See *Id.* at 527.

In *Travis*, Judge McIvor further found, "[e]ven if the court were to consider the non-filing spouse's income, the court concludes there is no available income to pay unsecured creditors. The Debtor's testimony indicated he and his wife split the bills, and at the end of the month, there is no money." *Id*. at 531.

Ultimately, *Travis* found that a non-filing spouse's income should be considered for §707(b)(3) purposes only where it significantly raises the filing Debtor's standard of living and generates total household income in excess of the reasonable cost of necessities. *Id*. at 530. I respectfully disagree with this portion of *Travis*. It is this Court's view that it is largely dicta and at odds with the explicit definition of current monthly income as amended by BAPCPA.

---

[7]The burden on §707(b)(3) motions is on the United States Trustee. See *In re Lenton,* 358 B.R. 651, 655 (Bankr. E.D.Pa. 2006).

Case 5:07-bk-50195-RNO    Doc 31    Filed 06/14/07    Entered 06/14/07 15:43:00    Desc
Main Document      Page 6 of 8

Congress chose to exclude that portion of the non-filing spouse's income devoted to personal pursuits or expenses from current monthly income. This Court questions whether the mere fact that a non-filing spouse has significant earnings will necessarily raise the Debtor's standard of living. There is a great variety in how married couples do or do not share or spend the fruits of their respective earnings. The Court assumes that Congress considered the many possibilities in crafting the statute. Further, I have not found a provision in the Bankruptcy Code which mandates a non-filing spouse to live modestly or to devote his or her income to the repayment of the filing spouse's debts. If the legislature is unhappy with the effect of the statute, it is free to amend it within the limits of the Constitution. See *Standard Oil Co. of New Jersey v. U.S.*, 221 U.S. 1, 104, 31 S.Ct. 502, 533 (1911)*,* and *In re Tuttle*, 291 F.3d 1238, 1244 (10th Cir. 2002).

Additionally, the Court finds it of some import that the Debtor's creditors under Pennsylvania state law would not be able to reach the non-filing spouse's separate income or assets. See 23 Pa.C.S.A. §4104. "[B]ankruptcy should not alter state or other nonbankruptcy law any more than necessary to prevent the race to the courthouse." *In re Medicar Ambulance Co., Inc.*, 166 B.R. 918, 924 (Bankr. N.D.Cal. 1994) citing Thomas H. Jackson, <u>Bankruptcy, Non-Bankruptcy Entitlements, and the Creditors' Bargain</u>, 91 Yale L.J. 857 (1982). Under Pennsylvania law, a spouse is responsible only for his spouse's individual debts to the extent they were contracted for necessities. 23 Pa.C.S.A. §4102 (2001). This is remarkably close to the statutory scheme employed by Congress in determining the limits of a non-filing spouse's income for the subject purposes.

For the foregoing reasons, the Court concludes that no clear error of law was made in the

Case 5:07-bk-50195-RNO    Doc 31    Filed 06/14/07    Entered 06/14/07 15:43:00    Desc
Main Document      Page 7 of 8

original decision. Therefore, the United States Trustee's Motion for Reconsideration is denied.

An order will be entered consistent with this Opinion.

Date: June 14, 2007

Robert N. Opel, II, Bankruptcy Judge (BI)

*This opinion is electronically signed and filed on the same date.*